**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MONTEREY BAY MILITARY HOUSING, LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AMBAC ASSURANCE CORPORATION, et al.,<br><br>Defendants. | Case No. 17-cv-04992-BLF<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>[Re: ECF 164] |

Defendants Jefferies Mortgage Finance, Inc., Jefferies & Company, Inc., Jefferies LLC, Jefferies Group LLC, Danny Ray, Annandale Plantation, LLC (Colorado) and Annandale Plantation, LLC (South Carolina) (collectively, "Defendants") seek relief from a nondispositive pretrial order issued by Magistrate Judge Nathanael M. Cousins, which denied Defendants' motion for a protective order staying all discovery. The Court has considered Judge Cousins' order, which was made orally on the record (ECF 162) and memorialized in the Civil Minutes (ECF 158), Defendants' motion for relief (ECF 164), Plaintiffs' opposition (ECF 176), and Defendants' reply (ECF 177). For the reasons discussed below, the motion is DENIED.

**I.    BACKGROUND**

Plaintiffs filed this action in August 2017, alleging wide-scale fraud in the financing of military housing projects. They assert claims against numerous entities and individuals for violations of the federal Racketeer Influenced and Corrupt Organizations Act and under state law. On July 17, 2017, the Court issued an order ("Dismissal Order") addressing five separate motions to dismiss Plaintiffs' first amended complaint ("FAC") for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), respectively. *See* Dismissal Order, ECF 147. The Court dismissed all claims against all Defendants for lack of personal jurisdiction, except for claims asserted against Defendant Ambac Assurance Corporation

by the Monterey Bay Plaintiffs, and it dismissed all claims against all Defendants for failure to state a claim upon which relief may be granted. *See id.*

At the hearing on the motions to dismiss, Defendants asked the Court to stay discovery. Because Defendants had argued that the FAC should be dismissed without leave to amend, the Court agreed to stay discovery pending issuance of its order on the then-pending motions to dismiss. MTD Hrg. Tr. 88:15-24, ECF 143. The Court stated that it would be unfair to require Defendants to respond to discovery requests if the case might be terminated, but that discovery should be opened if the case were going forward. *Id.*

After issuance of the Dismissal Order, Plaintiffs sought what they characterized as "jurisdictional discovery" from Defendants. Defendants objected and brought a motion before Judge Cousins for a protective order staying all discovery, which was opposed by Plaintiffs. *See* Joint Submission, ECF 148. Defendants argued to Judge Cousins that Plaintiffs are not entitled to *any* discovery, jurisdictional or otherwise, unless and until they state claims for relief which satisfy the plausibility standard articulated in *Iqbal*[1] and *Twombly*.[2] Alternatively, Defendants argued that even if Plaintiffs are entitled to jurisdictional discovery, the discovery at issue is merits discovery which clearly is precluded by Supreme Court and Ninth Circuit authority absent a viable pleading.

After hearing approximately thirty minutes of argument, Judge Cousins denied Defendants' motion in an oral ruling from the bench. *See* Discovery Hrg. Tr., ECF 162. Judge Cousins concluded that the undersigned had granted Plaintiffs leave to take jurisdictional discovery, and that "the heart of what's being sought is jurisdictional discovery." Discovery Hrg. Tr. 25:19-22, 26:3-4. Noting that he was ruling only on Defendants' motion to stay *all* discovery, Judge Cousins observed that he had "not reviewed each of the individual requests to – and objections to see if there should be some further limiting or conferring." Discovery Hrg. Tr. 26:20-23. That ruling was memorialized in the Civil Minutes as follows: "Defendants' motion

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

1  for a protective order staying all discovery denied for lack of good cause shown, as articulated on
2  the record." Civil Minutes, ECF 158. Judge Cousins ordered Defendants to produce responsive
3  discovery by September 10, 2018, but the parties agreed that Defendants need not produce
4  responsive documents pending this Court's disposition of the motion for relief from Judge
5  Cousins' order. *See* Parties' Joint Submission at 3 n.7, ECF 165.

## II. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). "The district court reviews the magistrate's order for clear error," and "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

First, Defendants argue that Judge Cousins' order is contrary to law, which in Defendants' view precludes Plaintiffs from taking any discovery unless and until they state viable claims for relief. Second, Defendants argue that even if jurisdictional discovery is available after a Rule 12(b)(6) dismissal, Judge Cousins clearly erred in concluding that Plaintiffs are seeking jurisdictional discovery rather than merits discovery. Finally, Defendants argue that Judge Cousins misinterpreted the undersigned's comments at the hearing on the motions to dismiss as granting Plaintiffs leave to take jurisdictional discovery.

### A. Judge Cousins' Order is not Contrary to Law

Defendants' first argument requires this Court to consider the interplay between two well-established lines of cases, one permitting jurisdictional discovery where the plaintiff has failed to demonstrate personal jurisdiction or subject matter jurisdiction, and the other precluding discovery where the plaintiff has failed to state a claim for relief. The Ninth Circuit has made clear that "[d]iscovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."

3

*Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008); *see also Lang Van, Inc. v. VNG Corp.*, 669 Fed. App'x 479, 480 (9th Cir. 2016) (vacating dismissal for lack of personal jurisdiction and remanding with direction to district court to permit jurisdictional discovery); *Intercontinental Indus. Corp. v. Wuhan State Owned Indus. Holdings Co.*, 619 F. App'x 592, 594 (9th Cir. 2015), as amended on clarification (Aug. 19, 2015) (vacating dismissal for lack of subject matter jurisdiction and remanding with direction to district court to consider a narrowly tailored request for jurisdictional discovery). However, the Supreme Court and the Ninth Circuit have made equally clear that where a plaintiff has failed to state a plausible claim for relief, the plaintiff may not be granted leave to take discovery in order to cure the pleading defect. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) (dismissal without leave to amend was appropriate under *Iqbal* where plaintiffs could not add facts showing requisite conduct absent discovery).

In Defendants' view, the former line of cases applies only where lack of personal jurisdiction is the sole basis for dismissal. Where the complaint is dismissed not only for lack of personal jurisdiction, but also for failure to state a claim, Defendants contend that the *Iqbal*/*Mujica* line of cases bars *all* discovery, including jurisdictional discovery. This Court is unaware of any cases applying *Iqbal* and *Mujica* to bar jurisdictional discovery.[3] At least one district court has drawn a distinction between the two lines of cases, characterizing *Iqbal* and *Mujica* as barring "pre amendment plausibility discovery" and noting that *Intercontinental* and similar cases "granted jurisdictional discovery, not plausibility discovery." *Persian Gulf Inc. v. BP W. Coast Prod. LLC*, 225 F. Supp. 3d 1178, 1180 (S.D. Cal. 2016). Absent authority which clearly bars jurisdictional discovery when dismissal is granted with leave to amend under both Rule 12(b)(2) and Rule 12(b)(6), this Court concludes that Judge Cousins' order denying a stay on *all* discovery is not

---

[3] While the plaintiffs in *Mujica* expressed a desire to take "jurisdictional discovery," their claims were dismissed under Rule 12(b)(6) and the Ninth Circuit's discussion focused on the Rule 12(b)(6) standard articulated in *Iqbal*. *See Mujica*, 771 F.3d at 593. *Mujica* did not address the availability of jurisdictional discovery under the circumstances presented here, in which the complaint was dismissed for both lack of personal jurisdiction under Rule 12(b)(2) and failure to state a claim under Rule 12(b)(6).

4

contrary to law. Based on the hearing transcript, it appears that Judge Cousins' intent is to permit discovery regarding jurisdictional issues but prohibit plausibility discovery which would be barred by *Iqbal* and *Mujica*.

### B.   Judge Cousins' Order is not Clearly Erroneous

Defendants argue that even if Plaintiffs may seek jurisdictional discovery, Judge Cousins erred in failing to recognize that Plaintiffs are seeking merits discovery in the guise of jurisdictional discovery. The Court finds that Judge Cousins properly concluded that Plaintiffs are seeking jurisdictional discovery. Judge Cousins acknowledged that "jurisdictional discovery may overlap with merits discovery," and he stated that he was "not getting into the granularity of the some of the requests." Discovery Hrg. Tr. 26:5-15. However, Defendants sought a protective order barring all discovery, and Judge Cousins ruled that "at the protective order level, I'm denying that request." Discovery Hrg. Tr. 26:20-23. That ruling is not clearly erroneous, and it affords Defendants the opportunity to raise objections to specific discovery requests before Judge Cousins, if appropriate.

### C.   This Court did Grant Leave to Take Jurisdictional Discovery

Finally, Defendants argue that Judge Cousins erred in concluding that this Court granted Plaintiffs leave to take jurisdictional discovery. While jurisdictional discovery was not the focus of the colloquy between the Court and counsel at the hearing on the motions to dismiss, the Court granted Defendants' request to stay discovery only until issuance of an order on the then-pending motions. The Court stated on the record that once the order issued, Plaintiffs could pursue discovery. MTD Hrg. Tr. 88:15-24, ECF 143. Accordingly, once the Dismissal Order was filed, Plaintiffs had this Court's leave to seek jurisdictional discovery.

## IV. ORDER

Defendants' motion for relief from Judge Cousins' nondispositive pretrial order is DENIED.

Dated: October 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge

5